OPINION
On May 29, 1998, a complaint was filed against appellant, Nacolean Torrence, age fourteen, for delinquency in committing rape in violation of R.C. 2907.02. Said allegation arose from incidents involving an eight year old boy. On August 13, 1998, appellant filed a motion to suppress his statements to police claiming any statements made were not voluntary. Said motion was denied. A hearing before a magistrate was held on August 14, 1998. By decision dated said date, the magistrate found appellant to be delinquent by reason of rape and recommended a one year commitment to the Ohio Department of Youth Services. By judgment entry filed September 9, 1998, the trial court approved and adopted the delinquency finding, but entered an indefinite commitment, no less than one year and no more than appellant attaining the age of twenty-one years. Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED AS A MATTER OF LAW IN ADMITTING APPELLANT'S TAPED STATEMENT INTO EVIDENCE.
 II THE JUDGMENT OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE WHERE IT WAS NOT PROVEN BEYOND A REASONABLE DOUBT THAT APPELLANT WAS DELINQUENT BY ONE (1) COUNT OF RAPE.
 I
Appellant claims the trial court erred in denying his motion to suppress his statement to police. We disagree. There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486; State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor (1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." In Miranda v. Arizona (1966),384 U.S. 436, the United States held a suspect must be notified of his/her constitutional rights to remain silent and to have counsel present during a custodial interrogation by the police. Before the interrogation can begin, the suspect must make a knowing, intelligent, and voluntary waiver of those rights. If these procedural safeguards are not complied with, the confession may not be admitted at trial as evidence against the accused. According to Miranda at 444: [T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.
In addition, a suspect's decision to waive his rights "is made voluntarily absent evidence that his will was overborne and his capacity for self-determination was critically impaired because of coercive police conduct." State v. Dailey (1990), 53 Ohio St.3d 88, paragraph two of the syllabus, following Colorado v. Spring (1987), 479 U.S. 564. In determining voluntariness, we must look at the totality of the circumstances as set forth by the United States Supreme Court in State v. Edwards (1976), 358 N.E.2d 1051,1058: In deciding whether the defendant's confession was involuntarily induced, the court should consider the totality of the circumstances, including, the age, mentality, and prior criminal experience of the accused; the length, intensity and frequency of the interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement.
Although appellant concedes he was twice given his Miranda warnings, he claims his statements were not voluntary because he was a juvenile and because of the conduct of the police during his interrogation. Appellant argues the circumstances surrounding his interrogation created an intimidating and hostile atmosphere. In support, appellant points to his lack of prior experience with law enforcement officers, his low intelligence and the leading nature of the questions. Appellant, fourteen years of age, was interviewed at his school where he was advised of his Miranda rights in front of the school principal and a social worker. The police officer, Detective James Armstrong, noticed appellant appeared uncomfortable and asked him if he wished anyone to leave the room. T. at 7. Appellant requested that the principal and social worker leave. T. at 7-8. Clearly, appellant at his own instigation removed any independent witnesses. After the parties left the room, Detective Armstrong discussed appellant's rights with him again and appellant "said he understood them." T. at 8. Appellant never requested to stop the interview. T. at 9. Although appellant did not volunteer any information, he answered Detective Armstrong's questions. Detective Armstrong told appellant "[y]ou know Nacoleon I can't, I don't want to sit here and put words in your mouth. You know it's tough when I have to keep asking questions and you making the answers. But apparently you don't like to just up and talk what's happened so I guess I have to continue to do that." See, Transcript of Interrogation at 5-6, attached to Response to Juvenile's Motion for Discovery filed July 28, 1998. Detective Armstrong conceded appellant appeared slow, but appellant appeared to understand the interrogation. T. at 14. There is no presumption of involuntariness by a juvenile just because the juvenile's parents are not present nor is there any requirement that a parent be present during the interrogation. In re Watson (1989), 47 Ohio St.3d 86; State v. Bobo (1989),65 Ohio App.3d 685. From the circumstances described, we find appellant was not in custody during the interrogation. Appellant was at his school and controlled who could be present. Appellant had not been arrested and was free after the interrogation. Based upon these facts, plus the two Miranda discussions, we find no evidence to suggest an inherently coercive or hostile interrogation by Detective Armstrong. The trial court did not err in denying appellant's motion to suppress. Assignment of Error I is denied.
 II
Appellant claims his conviction was against the manifest weight of the evidence. We disagree. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997),78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. Appellant was adjudicated delinquent by reason of one count of rape in violation of R.C. 2907.92 (A)(1)(b) which states as follows: (A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
 (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
The eight and half year old victim testified that on two occasions, appellant took off his pants, put his penis "up him" and in his mouth and threatened to harm him. T. at 31-32, 36. In his interrogation with Detective Armstrong, appellant admitted to putting his penis in the victim's butt, humping the victim and putting his penis in the victim's mouth. T. at 43; Transcript of Interrogation at 5-7. Detective Armstrong opined appellant's actions with the victim's "butt" were of putting his penis "near the cheeks of his butt and simulated sex." T. at 43. In defense of the victim's testimony and appellant's own admissions, appellant's brother, Brandon Torrence, testified appellant and the victim were never together alone. T. at 51. Appellant testified and denied any sexual activity with the victim. T. at 57-58. The credibility of the witnesses lies with the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182. Based upon the victim's testimony and appellant's own admissions, we find sufficient evidence, if believed, to support the finding of delinquency and no manifest miscarriage of justice. Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.
By Farmer, J. Gwin, P.J. and Reader, V.J. concur.