DECISION AND JUDGMENT ENTRY
This is an appeal from a delinquency adjudication in the Erie County Court of Common Pleas, Juvenile Division. Because we conclude that there was sufficient evidence to prove one of two assault charges, but insufficient evidence to prove the other, we affirm in part and reverse in part.
On September 15, 1998, Charles Livermore, a teacher at the Erie Huron Ottawa Vocational Education Career Center, was accompanying his welding class through the halls of the school when he encountered a verbal altercation between appellant, Mark M., and two other students. Livermore inserted himself between the boys and ordered one of them to leave the building. As Livermore was attempting to get appellant to walk in the opposite direction, someone made a comment which appellant apparently found derogatory. Appellant pushed Livermore out of the way and went after the person who uttered the remark. At this point, a second teacher, Thomas Dunlap, arrived. Dunlap grabbed and restrained appellant.
Livermore and Dunlap then took appellant to the superintendent's office where Dunlap began to telephone for assistance. Appellant was seated in a chair when Dunlap was using the telephone. Livermore stood by a door that opened into the hallway. Suddenly, appellant charged into Livermore in what was described as a "football" type drive. The force pushed Livermore into the hall. At that point, Dunlap dropped the phone and tackled appellant. The teachers subdued appellant and called the Erie County Sheriff. Dunlap later reported that he was injured while tackling appellant.
In addition to being disciplined by school officials, appellant was alleged to be delinquent in two separate complaints which charged that he committed acts which would have constituted two assaults on teachers, fifth degree felonies, had appellant been an adult. The cases were consolidated and heard before a juvenile magistrate.
Following an adjudicatory hearing, the magistrate concluded that both counts of assault on a teacher had been proven. In his findings of fact and conclusions of law, the magistrate found that appellant's contact with teacher Livermore caused the teacher to be "shaken up and upset" and that teacher Dunlap's injury was, "* * * a direct result of trying to restrain a student who was out of control."
The trial court overruled appellant's objection to the magistrate's report and adopted its findings of fact and conclusions of law. The court fined appellant $50 and costs on each count. Additionally, the court placed appellant on probation for an indefinite period.
Appellant now appeals these judgments, setting forth the following two assignments of error:
 "I. THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY OF ASSAULT, WHERE THE ONLY INJURY WAS EMOTIONAL UPSET.
 "II. THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY OF ASSAULT WHERE THE ONLY INJURY WAS CAUSED BY THE ACTIONS OF THE COMPLAINANT."
R.C. 2903.13 provides, in material part:
 "(A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.
"* * *
 "(C) Whoever violates this section is guilty of assault. Except as otherwise provided in division (C) (1), (2), or (3) of this section assault is a misdemeanor of the first degree.
"* * *
 "(2) If the offence is committed in any of the following circumstances, assault is a felony of the fifth degree:
"* * *
 "(e) The victim of the offence is a school teacher or administrator or a school bus operator, and the offence occurs in a school, on school premises, in a school building, on a school bus, or while the victim is outside of school premises or a school bus and is engaged in duties or official responsibilities associated with the victim's employment or position as a school teacher or administrator of a school bus operator, including, but not limited to, driving, accompanying, or chaperoning students at or on class or field trips, athletic events, or other school extracurricular activities or functions outside of school premises."
In the trial court and here, appellant asserts that the evidence is insufficient to support the delinquency adjudication on either count. Appellant says that he cannot be guilty of assaulting Mr. Livermore because no physical harm came to Mr. Livermore. Furthermore, appellant argues that while Mr. Dunlap was admittedly injured in the last affray, it was Dunlap who initiated the physical contact and was responsible for his own injury.
The standard of review applied when an appellant asserts that the evidence against him was insufficient is the same in a juvenile delinquency adjudication as it is in a criminal prosecution. See In re Winship (1970), 397 U.S. 358; In re Watson
(1989), 47 Ohio St.3d 86, 92. A reviewing court must,
 "* * * examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259. Paragraph two of the syllabus.
With respect to teacher Livermore, appellant's attack on the "physical harm" element of the offence is misplaced. R.C.2901.01 (A) (3) broadly defines "physical injury" as any "* * * physiological impairment, regardless of gravity or duration." As we have recently noted, when accompanied by the requisite intent, a "* * * shove, push or grab * * *" may satisfy the "physical harm" element of assault. State v. Weber (Oct. 9, 1998), Huron App. No. H-98-005, unreported.
More difficult, however, is the issue of appellant's mental culpability. R.C. 2903.13 (A) requires that one must knowingly cause or attempt to cause physical harm. One acts "knowingly" when the actor is aware that his conduct will probably cause a certain result, R.C. 2901.22(B): in this case, physical harm.
With respect to appellant's hallway shove of Mr. Livermore, the magistrate's factual findings indicated that this incident occurred when the teacher attempted to block appellant's access to another student. Livermore's testimony was that when he moved in front of appellant, appellant pushed him to gain access to the offending speaker. Livermore claimed no injury from this and the magistrate made no finding that appellant was aware that this push might cause injury. Therefore, at least with respect to the hallway push of Mr. Livermore, the necessary mental element has not been satisfied.
The football stance attack on Mr. Livermore in the superintendent's office is another matter. The magistrate concluded that Livermore was "shaken up" by this "charge." Clearly, appellant intended to move Mr. Livermore without regard to whether such a physical encounter would cause harm. Additionally, an individual of ordinary intelligence would have been aware that such an attack might cause some physical harm. That it did not cause greater harm is fortunate for all concerned, but it does not negate the presence of all of the elements of assault on a teacher.
Accordingly, with respect to the assault on Mr. Livermore, the elements of the offence were proven. Appellant's first assignment of error is not well-taken.
The struggles with Mr. Dunlap are qualitatively different. The uncontroverted testimony was that in each of these incidents (in the hall and outside the office), Mr. Dunlap was the initiator of the physical contact. While Dunlap, in our view, was justified in taking this action, his initiation of physical contact does not create in appellant the necessary mental culpability required to establish an assault. Appellant may have been guilty of something else, disorderly conduct or the like, but it is difficult, if not impossible, for one who is receiving a violent physical encounter to be found criminally culpable of assault. Accordingly, appellant's second assignment of error is well-taken.
On consideration whereof, the judgment of the Erie County Court of Common Pleas, Juvenile Division is affirmed in part and reversed in part. This matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellee.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
PETER M. HANDWORK, J.
 _______________________________ JUDGE
 JAMES R. SHERCK, J.
 _______________________________ JUDGE
 MARK L. PIETRYKOWSKI, J.
 _______________________________ JUDGE
CONCUR.