DECISION AND JUDGMENT ENTRY
This is an appeal from an Adams County Common Pleas Court, Juvenile Division, judgment finding appellant, Josh Pollitt, to be a delinquent child as defined in R.C. 2151.02 as a result of committing assault, in violation of R.C. 2903.13 (A).
Appellant raises the following assignment of error for review:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT AND ADJUDICATED A MINOR, A DELINQUENT FOR VIOLATING OHIO REVISED CODE 2903.13 (A) (C) (2)(B)." [SIC]
On February 1, 2000, the state filed a complaint alleging appellant to be a delinquent child by reason of his committing the offense of assault, in violation of R.C. 2903.13(A). The state alleged that appellant committed the offense against a teacher and while on school property.[2]
On March 22, 2000, the trial court held an adjudicatory hearing regarding the assault charge. Kenneth Carr, one of appellant's teachers, testified that on December 10, 1999, appellant was a student in his class. Carr explained that appellant had exhibited some undesirable behavior during class and that he intended, after class, to speak with appellant about appellant's behavioral difficulties.
Carr stated that at the conclusion of the class and after the other students had exited the classroom, he met appellant at the door. Carr explained that he was standing just to the left of the doorway and appellant was walking toward Carr. Carr asked appellant to stop so that the two could talk about appellant's conduct. Carr stated that appellant attempted to step around Carr and that Carr moved over one step, trying to prevent appellant from leaving the room. Carr testified that appellant then "lowered his right shoulder, placed it at the center of [Carr's] chest, and was going to push his way out the door." Carr stated that to avoid any further confrontation, Carr stepped out of the way and let appellant leave.
Jason Franklin, a teacher who has a classroom close to Carr's, observed part of the incident. Franklin testified that he observed appellant hit Carr with appellant's shoulder.
On March 23, 2000, the trial court found appellant to be a delinquent child for his commission of the assault offense in violation of R.C.2903.13(A). Appellant filed a timely notice of appeal.
In his sole assignment of error, appellant argues that the trial court erred by adjudicating him a delinquent when insufficient evidence of the underlying offense (assault — R.C. 2903.13) exists. Specifically, appellant contends that insufficient evidence exists that he caused Carr physical harm or that he committed the assault knowingly.
A trial court may enter a finding of delinquency when the evidence demonstrates, beyond a reasonable doubt, that the child committed an act which would have constituted a crime if committed by an adult. R.C. 2151.35
(A); Juv.R. 29 (E). We employ the same standard of review applicable to criminal convictions claimed to be unsupported by sufficient evidence when determining whether sufficient evidence supports a trial court's delinquency adjudication. See In re Watson (1989), 47 Ohio St.3d 86, 91,548 N.E.2d 210, 216.
When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. See State v. Thompkins (1997), 78 Ohio St.3d 380,386, 678 N.E.2d 541, 546 (stating that "sufficiency is the test of adequacy"); State v. Jenks (1991), 61 Ohio St.3d 259, 273, 574 N.E.2d 492,503. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt.Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560;Jenks, 61 Ohio St.3d at 273, 574 N.E.2d at 503. Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." Thompkins, 78 Ohio St.3d at 390, 678 N.E.2d at 549 (Cook, J., concurring).
In the case sub judice, we believe that the record contains sufficient evidence from which the trier of fact could have concluded, beyond a reasonable doubt, that appellant committed the offense of assault.
R.C. 2903.13 (A) sets forth the elements of assault: "No person shall knowingly cause or attempt to cause physical harm to another * * *." R.C. 2901.01 (A) (3) defines "physical harm" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." "[W]hen accompanied by the requisite intent, a `* * * shove, push or grab * * *' may satisfy the `physical harm' element of assault." In re Mark M.
(Feb. 4, 2000), Erie App. Nos. E-99-028 and E-99-046, unreported, discretionary appeal disallowed (2000), 88 Ohio St.3d 1513, 728 N.E.2d 401. (citing State v. Weber (Oct. 9, 1998), Huron App. No. H-98-005, unreported).
R.C. 2901.22 (B) defines knowingly:
 A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result of will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.
We note that a defendant's state of mind may be inferred from the totality of the surrounding circumstances. See State v. Ratajczak (Aug. 5, 1992), Lorain App. No. 91CA005245, unreported.
In In re Mark M., a case similar to the case at bar, the court concluded that evidence that the student pushed a teacher out of the student's way sufficiently established the physical harm element. The court, however, found insufficient evidence regarding the mental state.
In Mark M., the defendant had been involved in a fight with another student. A teacher stepped between the two students. The defendant, in an attempt to reach another student, pushed the teacher. Thus, while finding sufficient evidence of the physical harm element, the court concluded that insufficient evidence existed as to the knowingly element. The court reasoned that insufficient evidence existed regarding the knowingly element because the defendant did not intend to harm the teacher, but intended to reach another student.
Like the situation presented in Mark M., in the case at bar, appellant pushed or shoved his teacher. Thus, sufficient evidence regarding the physical harm element exists. Unlike the situation presented in Mark M., however, the record in the case at bar contains sufficient evidence concerning the culpable mental state. In the case at bar, the totality of the surrounding circumstances demonstrate that appellant intended to push the teacher out of appellant's way. See Ratajczak, supra. Consequently, we find sufficient evidence in the record to support the trial court's delinquency adjudication by reason of appellant having committed an assault.
Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J.: Dissents with Dissenting Opinion
Evans, J. Concurs in Judgment Opinion
 _____________________ Peter B. Abel, Judge
[2] Assault is a fifth degree felony when committed against a school teacher and when the offense occurs on school property. See R.C.2903.13(C)(2)(e).