[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Raising three assignments of error, defendant-appellant Charles Sullivan appeals his convictions for aggravated robbery, robbery, two counts of felonious assault, and three accompanying gun specifications.
In his first assignment of error, Sullivan asserts that the trial court erred in failing to grant his motion to suppress the statement he had given to police, where the statement was taken in violation of his constitutional rights. Because the totality of the circumstances in the instant case support a conclusion that Sullivan's waiver of his Miranda
rights and subsequent confession were voluntary, we conclude that the trial court did not err in overruling the motion to suppress.[1]
Therefore, we reject the first assignment.
In his second assignment of error, Sullivan asserts that the trial court erred in overruling the motion for a continuance that he made immediately prior to trial. Sullivan premised his request on his need to obtain civilian clothes for trial and upon his need to secure the attendance of his alibi witness. The record reflects, however, that the trial court had previously discussed these issues with Sullivan. The court had offered to issue a warrant to secure the witness's presence, but Sullivan had declined, preferring instead to contact the witness, who happened to be his brother, by telephone. Moreover, the trial court had advised Sullivan that, if he wished to be tried in civilian clothing, it was his responsibility to secure them, and that if he failed to do so, he would be tried in "jail garb." Sullivan indicated that he understood. Given these circumstances, the trial court did not abuse its discretion in overruling Sullivan's "eleventh hour" request for a continuance.[2]
Accordingly, we overrule the second assignment.
In his final assignment of error, Sullivan asserts that the trial court erred in overruling his Crim.R. 29(A) motion for acquittal. Because we conclude, after viewing the evidence in the light most favorable to the state, that a rational trier of fact could have found the essential elements of the offenses proven beyond a reasonable doubt,[3] we reject this assignment as meritless and affirm the trial court's judgment.
We note, however, from our review of the record, that there is a clerical error in the trial court's entry of January 21, 2000, journalizing Sullivan's sentences. The judgment entry refers to Sullivan's conviction of felonious assault in violation of R.C.2903.11(A)(2) as being a fourth-degree felony. But, it is clear, both as a matter of law and from all other aspects of the record, that the offense is a second-degree felony. We, therefore, remand the matter to the trial court with instructions that it correct its judgment entry accordingly.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ.
[1] State v. Watson (1989), 47 Ohio St.3d 86, 548 N.E.2d 210, citingState v. Edwards (1976), 49 Ohio St.2d 31, 358 N.E.2d 1051, judgment vacated on other grounds (1978), 438 U.S. 911, 98 S.Ct. 3147, with approval.
[2] State v. Unger (1981), 67 Ohio St.3d 65, 423 N.E.2d 1078.
[3] State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184.