DECISION AND JUDGMENT ENTRY
Christian Haubeil appeals a judgment finding him to be a delinquent child for possessing a weapon under disability. He raises two assignments of error:
ASSIGNMENT OF ERROR I
 "THE JUVENILE COURT ERRED IN DENYING CHRISTIAN HAUBEIL'S MOTION TO SUPPRESS THE STATEMENTS HE MADE DURING A COERCIVE, CUSTODIAL INTERROGATION ON MARCH 20, 2001, BECAUSE THOSE STATEMENTS WERE ELICITED IN VIOLATION OF HIS CONSTITUTIONAL RIGHT AGAINST SELF INCRIMINATION UNDER THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION TEN OF THE OHIO CONSTITUTION."
 ASSIGNMENT OF ERROR II
 "THE TRIAL COURT VIOLATED CHRISTIAN HAUBEIL'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION, AND JUV.R. 29(E)(4) WHEN IT ADJUDICATED HIM DELINQUENT OF WEAPON UNDER DISABILITY ABSENT PROOF OF EVERY ELEMENT OF THE CHARGE AGAINST HIM BY SUFFICIENT, COMPETENT, AND CREDIBLE EVIDENCE."
Because the record contains no evidence from which a reasonable person could conclude that Haubeil was under arrest or its functional equivalent, we reject his first assignment of error. After reviewing the evidence in the record in a light most favorable to the state, we conclude that any rational trier of fact could have found that the essential elements of having a weapon under a disability were proven beyond a reasonable doubt. Thus, we also reject his second assignment of error.
The principal from the Pickaway Ross Joint Vocational School contacted the Ross County Sheriff's Department with a report that a student might have a concealed weapon at the school. When officers arrived at the school, the student, Christian Haubeil, was already in the principal's office. Lieutenant Lavender conducted a "pat down" search of Christian to determine whether he was carrying any weapons on him. The officer found none. Lt. Lavender then interviewed Christian, who revealed that he had a gun under a chair in his bedroom at home. After they notified Christian's father about the gun, officers proceeded to the residence and retrieved it.[1]
Lt. Lavender filed a complaint in the juvenile court against Christian for carrying a concealed weapon in violation of R.C. 2923.12 and weapons under disability in violation of R.C. 2923.13. Christian entered a denial to the allegations. Appellant then filed a motion to suppress the statements he made and any evidence obtained in response to them. The parties submitted "Joint Stipulations of Fact", consisting of four declarations. The magistrate denied the motion to suppress. At the adjudication, the state dismissed the charge of carrying a concealed weapon. However, the magistrate and the trial court found that Christian was a delinquent child on the weapons under disability charge.
In his first assignment of error, appellant challenges the trial court's denial of his motion to suppress. Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. State v. Long (1998), 127 Ohio App.3d 328, 332,713 N.E.2d 1. During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. State v. Brooks,75 Ohio St.3d 148, 154, 1996-Ohio-134, 661 N.E.2d 1030; State v. Mills
(1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972. Accordingly, we are bound to accept the juvenile court's findings of facts if they are supported by competent, credible evidence. State v. Medcalf (1996), 111 Ohio App.3d 142,145, 675 N.E.2d 1268; State v. Harris (1994), 98 Ohio App.3d 543, 546,649 N.E.2d 7. Accepting those facts as true, we must independently determine as a matter of law, without deference to the juvenile court's conclusion, whether they meet the applicable legal standard. State v.Williams (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141.
Appellant first claims that the trial court failed to make specific findings of fact as required by Crim.R. 12(F) in overruling his motion to suppress.[2] Crim.R. 12(F) provides that "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." However, in this case, the parties stipulated to the facts prior to the court's ruling on the motion to suppress. Accordingly, the court was not required to make any factual determinations when deciding the motion since the facts were not in dispute. The parties stipulated the essential facts; therefore, the trial court was not required to re-state the facts in its entry denying the motion to suppress.
Next, appellant argues that the trial court erred in overruling the motion to suppress since the officers questioned Christian while in custody, without advising him of his Miranda rights. Appellant further argues that he did not voluntarily, knowingly, and intelligently waive his Miranda rights. It is well-settled that many constitutional protections enjoyed by adults also apply to juveniles. One such constitutional protection is the privilege against self-incrimination. See In re Gault (1967), 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527. Under the Fifth Amendment to the United States Constitution, no person shall be compelled to be a witness against himself. In order to ensure that this right is protected, statements resulting from custodial interrogations are admissible only after a showing that the procedural safeguards have been followed. Miranda v. Arizona (1966), 384 U.S. 436, 444,86 S.Ct. 1602, 16 L.Ed.2d 694. But, law enforcement officers are not required to administer Miranda warnings to every person suspected in an investigation. Oregon v. Mathiason (1977), 429 U.S. 492, 495,97 S.Ct. 711, 50 L.Ed.2d 714; State v. Biros, 78 Ohio St.3d 426, 440,1997-Ohio-204, 678 N.E.2d 891. Only individuals subject to "custodial interrogation" are protected by the rule. Mathiason, supra, at 494.
"Custodial interrogation" was defined in Miranda as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." Miranda, supra, at 444. "The ultimate inquiry is simply whether there [was] a `formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." California v. Beheler (1983),463 U.S. 1121, 1125, 103 S.Ct. 3517, 77 L.Ed.2d 1275, quoting Mathiason, supra, at 495. The relevant inquiry in determining whether a person is subject to custodial interrogation focuses upon how a reasonable person in the suspect's position would have understood the situation. Berkemerv. McCarty (1984), 468 U.S. 420, 442, 104 S.Ct. 3138, 82 L.Ed.2d 317. The subjective views of the interviewing officer and the suspect are immaterial to the determination of whether a custodial interrogation was conducted. Stansbury v. California (1994), 511 U.S. 318, 323,114 S.Ct. 1526, 128 L.Ed.2d 293.
We must determine whether the evidence submitted to the trial court indicated that Christian was "in custody", thus, triggering the need forMiranda warnings. In this instance, the only evidence before the trial court was the "Joint Stipulations of Fact" submitted by the parties. The stipulations stated:
 "Christian Haubeil was questioned by law enforcement officers at the Pickaway-Ross Joint Vocational School on March 20, 2001 during the course of investigating a complaint that he might have a concealed weapon at school.
 "Christian was interviewed in the school office by Lt. Lavender without being read his Miranda rights.
 "During the questioning, Christian told Lt. Lavender that there was a gun under a plaid chair in his bedroom at his home located at * * *.
 "Albert Haubeil, Christian's father, was contacted and notified of the possible location of the gun. Mr. Haubeil apparently retrieved the weapon and made it available to Dep. Weber when he arrived at the home."
Because the arguments of counsel do not amount to evidence, the only evidence for us to review is the stipulation entered into by the parties.
After a thorough review, we find nothing in the "Joint Stipulations of Fact" that would indicate Christian was subject to a custodial interrogation at the school. Ohio courts generally have found that the act of law enforcement officers questioning minors while they are at school does not amount to custodial interrogation where there is no evidence that the student was under arrest or told he was not free to leave. See In re Bucy (Nov. 6, 1996), Wayne App. No. 96CA0019 (minor interviewed in a conference room at high school); In re Johnson (June 20, 1996), Morgan App. No. CA-95-13 (minor questioned in school library). Absent some evidence that the student is under arrest or restrained to a degree associated with a formal arrest, we see nothing so inherently coercive in the school setting that would require Miranda
warnings. This is especially true when there is nothing in the record to indicate the number of officers involved, the length of the questioning, or the vigor and antagonistic nature of the questioning. Nothing before us indicates that a formal arrest was made or that a reasonable person in Christian's situation would not have felt free to leave. As a result, appellant has failed to meet his burden of showing that he was subject to a custodial interrogation and that Miranda should apply. Since we find that the trial court properly denied his motion to suppress, appellant's first assignment of error is overruled.
In his second assignment of error, appellant argues that the trial court erred in adjudicating Christian a delinquent since the evidence was insufficient to sustain a charge of weapons under disability. A trial court may enter a finding of delinquency when the evidence demonstrates, beyond a reasonable doubt, that the child committed an act which would have constituted a crime if committed by an adult. R.C. 2151.35(A); Juv.R. 29(E)(4). Thus, in the juvenile context, we employ the same standard of review applicable to criminal convictions where the issue is the sufficiency of the evidence. See In re Watson (1989), 47 Ohio St.3d 86,91, 548 N.E.2d 210.
Appellant's brief makes it clear that he is challenging the legal sufficiency, and not the weight, of the state's evidence. An appellate court's function in a sufficiency of the evidence context is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Clemons, 82 Ohio St.3d 438, 444,1998-Ohio-406, 696 N.E.2d 1009, citing State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. We must decide, after viewing the evidence in a light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks,supra, citing Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed.2d 560. See, also, State v. Mootispaw (1996), 110 Ohio App.3d 566,569, 674 N.E.2d 1222.
In this instance, appellant was charged under R.C. 2923.13(A), for having a weapon while under disability. The statute states:
 "[N]o person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
 "(2) The person * * * has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence."
At the adjudication hearing, the state introduced a "package" of materials, which contained the police report from the day Christian was questioned and the gun that the officers retrieved from his room. The "package" also contained the transcripts from Christian's two prior delinquency adjudications.[3] Appellant's counsel chose to stipulate to this "package" at the adjudication.
Appellant challenges the sufficiency of the evidence on the basis that the police report, which was part of the "package", should not have been considered by the trial court since it was not properly authenticated and was inadmissible hearsay evidence. The appellant has waived this argument.
Appellant's counsel chose, in the interest of judicial economy, to make a tactical decision to stipulate to the admission of an Ohio Uniform Incident Report prepared by Deputy Lavender. Generally, parties choose to stipulate to facts or items of evidence in order to expedite the disposition of a case. If a party objects to a part of the stipulation, he must "explicitly bring to the court's attention the limited nature of the stipulation." Lambert v. Goodyear Tire and Rubber Co. (1992),79 Ohio App.3d 15, 27, 606 N.E.2d 983. We find nothing in the record to indicate that appellant's counsel objected to the admission of the police report or otherwise limited his stipulation to the "package" of materials submitted by the state. Since Christian had a prior adjudication for a felony of violence, i.e., burglary, and since both the incident report and the "Joint Stipulations of Fact" contained information that Christian had possession of a gun, the evidence was sufficient to find him delinquent for a violation of R.C. 2923.13. Appellant's second assignment of error is overruled.
In his reply brief, appellant raises a new argument for our review. He contends that counsel's decision to stipulate to the "package" offered into evidence at the adjudication hearing amounts to ineffective assistance of counsel since the "package" contained inadmissible hearsay. A reply brief is not designed to raise new assignments of error or new issues for our review. A reply brief provides an opportunity for appellant to respond to issues raised in appellee's brief. See App.R. 16(C); Crosby v. Crosby (July 28, 1992), Pickaway App. No. 91 CA 32. Since appellant raises this issue for the first time in his reply brief, we decline to address the merits of this argument.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J. Evans, J.: Concur in Judgment and Opinion.
[1] We gleaned this factual background from the Uniform Offense Report that became part of the record in the adjudicatory hearing. It was not before the trial court at the motion to suppress stage. Thus, we did not consider it in that analysis.
[2] Juv.R. 22(D)(3), which deals with motions to suppress, is not identical to Crim.R. 12 and does not contain the language of Crim.R. 12(F) that the appellant refers to in his brief. However, in the interest of justice, we will address appellant's argument.
[3] The two prior adjudications related to burglary and trafficking in drugs.