JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
In a single assignment of error, defendant-appellant Garrison Norris, Jr., challenges the overruling of his motion to suppress evidence consisting of ammunition and shell casings seized from his bedroom and the confession he made to police investigators. After being advised of his Miranda rights, Norris admitted firing a borrowed handgun at a Queen City Metro bus stopped near his apartment building. One of the gunshots struck a bus passenger. Norris claims that the police lacked probable cause to arrest him and thus the seized evidence and his confession should be suppressed.
Norris, a 16-year-old juvenile at the time the offense was committed, was bound over to the grand jury and was indicted on four counts of felonious assault with gun specifications and one count of disrupting public service. After the trial court denied the motion to suppress, Norris entered a no-contest plea. The trial court found him guilty of all counts and of the merged three-year gun specifications. It imposed an aggregate sentence of five years' incarceration plus five years of community control and ordered that restitution be paid to the victims.
Norris asserts that the trial court erred in denying his motion to suppress because police detectives had lacked probable cause to arrest him for the offenses when, reacting to an anonymous tip that identified Norris as the shooter, the detectives arrived at his parents' apartment. The detectives admitted that they had lacked probable cause to arrest Norris but said that they had merely sought to speak to him.
Police do not need a warrant, probable cause, or even a reasonable, articulable suspicion to conduct a search when a suspect voluntarily consents to the search. See Schneckloth v. Bustamonte (1973), 412 U.S. 218,219, 93 S.Ct. 2041; see, also, State v. Riggins, 1st Dist. No. C-030626, 2004-Ohio-4247, at ¶ 11. Whether the consent to search was voluntary or was the product of duress or coercion is ordinarily a question of fact to be determined from the totality of the circumstances. See State v.Riggins, at ¶ 14-15; See State v. Chapman, 97 Ohio App.3d at 689-690,647 N.E.2d 504.
The disputed testimony at the hearing revealed that Norris's father had admitted the detectives to his apartment, had permitted them to take Norris to the police station for questioning, and had assisted officers in their search of his son's bedroom. A parent who controls the premises where a child resides may consent to a search of the premises although the search may produce incriminating evidence against the child. SeeState v. Chapman (1994), 97 Ohio App.3d 687, 647 N.E.2d 504. As the historical facts surrounding the giving of consent were for the trial court, sitting as the trier of fact, to determine, we will not disturb the trial court's implied findings that Norris or his father voluntarily consented to the search. See State v. DePew (1988), 38 Ohio St.3d 275, 277,528 N.E.2d 542; see, also, State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus; State v. Chapman,97 Ohio App.3d at 691-692, 647 N.E.2d 504.
Moreover, the record of the suppression hearing reveals ample evidence to support the conclusion that Norris and his parents voluntarily consented to questioning by police at the District Three station. Before being placed in a police car, Norris was read his Miranda rights, and his father was permitted to speak with him. See Miranda v. Arizona (1966),384 U.S. 436, 86 S.Ct. 1602. Before questioning commenced at the station, Norris was again read his Miranda rights and chose to confess to firing shots at the bus. Based upon the totality of the circumstances, the trial court could have concluded that Norris's decision to talk to police investigators was not the product of official coercion and was voluntarily made. See In re Watson (1989), 47 Ohio St.3d 86,548 N.E.2d 210, syllabus. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.