[Cite as *In re M.E.*, 2015-Ohio-3663.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: M.E.                    :        APPEAL NO. C-140586
                                        TRIAL NO. 14-3056

                               :        *O P I N I O N.*

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  September 11, 2015

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Rachel Lipman Curran,* Assistant Prosecuting Attorney, for Appellee State of Ohio,

*The Office of the Ohio Public Defender* and *Brooke M. Burns*, Assitant State Public Defender, for Appellant M.E.

Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}     This is an appeal from an adjudication of delinquency based upon an armed robbery. The juvenile, M.E., argues that his adjudication was against the manifest weight of the evidence. He also argues that his trial counsel was ineffective because he did not file a motion to suppress statements that he made to police after his arrest. We affirm the trial court's judgment.

## I. Background

{¶2}     According to his trial testimony, Travis Jordan was walking in the Walnut Hills neighborhood of Cincinnati when an armed individual stepped in front of him and demanded that he "give [him] everything." He complied, handing the robber his cell phone and two $50 bills. He ran to a nearby Kroger store and told a police officer working at the store what had happened.  He described the perpetrator as a black male in his 20s, 5'9", approximately 155 pounds, with thin facial hair, and wearing a black hoodie and jeans. A patrol officer immediately took Mr. Jordan back to the scene.  Just around the corner, officers had stopped M.E., who was wearing a black hoodie and jeans. Mr. Jordan identified M.E. as the robber approximately 11 minutes after the crime.

{¶3}     Based on Mr. Jordan's identification, the police arrested M.E., who did not have a gun, $50 bills, or a cell phone. At the police station, officers interviewed M.E. for a little more than an hour. At first, M.E. denied the robbery, but he eventually fessed up and told the officers he had given the gun, money, and cell phone to a third person after the robbery.

{¶4}     The case was tried to a magistrate.  M.E. was adjudged delinquent of aggravated robbery with firearm specifications. The court committed M.E. to the

Department of Youth Services for 12 months on the aggravated robbery and an additional 12 months on the specifications, or until age 21.

## II. Ineffective Assistance of Counsel

{¶5} We take up first M.E.'s second assignment of error. M.E. argues that his trial counsel provided ineffective assistance of counsel when he failed to file a motion to suppress. He claims his statements to the police were coerced, and that he did not knowingly, intelligently, and voluntarily waive his right against self-incrimination.

{¶6} To succeed on his ineffective-assistance claim, M.E. must establish that trial counsel was deficient, and that, absent his counsel's errors, the result of the proceedings would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also State v. Pickens*, 141 Ohio St.3d 462, 2014-Ohio-5445, 25 N.E.3d 1023, ¶ 199.

{¶7} Failure to file a motion to suppress does not make trial counsel per se ineffective. *State v. Neyland*, 139 Ohio St.3d 353, 2014-Ohio-1914, 12 N.E.3d 1112, ¶ 126. Such failure is ineffective assistance of counsel only when the record establishes that the motion would have been granted. *State v. Riley*, 7th Dist. Mahoning No. 13MA180, 2015-Ohio-94, ¶ 17. Here, the record does not demonstrate that M.E.'s motion to suppress would have been granted. In fact, it suggests the opposite.

{¶8} Both determinations of whether a juvenile has knowingly, intelligently, and voluntarily waived his *Miranda* rights and whether his confession was voluntary are evaluated under a totality-of-the-circumstances test. *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 32. In this inquiry, courts consider "the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; the existence of physical deprivation or mistreatment; and the existence of threat or inducement." *In re Watson*, 47 Ohio St.3d 86, 548 N.E.2d 210

(1989), paragraph one of the syllabus; *State v. Washington*, 1st Dist. Hamilton No. C-130213, 2014-Ohio-4178, ¶ 31. The state bears the burden of showing by a preponderance of the evidence that the defendant voluntarily waived his right to remain silent. *Washington* at ¶ 29.

{¶9} M.E. asserts that the Ohio Supreme Court has declared that a written waiver alone is insufficient and that the court must consider the form used and the youth's literacy level. *See In re C.S.*, 115 Ohio St.3d 267, 2007-Ohio-4919, 874 N.E.2d 1177, ¶ 109. In *C.S.*, the court was referring specifically to a youth's waiver of the right to trial counsel, indicating such waiver must be made in "open court, recorded, and in writing." *Id.* But here, the court did not simply rely on the fact that M.E. had signed a waiver. M.E. testified that he understood how serious the charges were and that he had understood his rights when he signed the *Miranda* waiver form. Detective Stephen Bender, a 14-year veteran who participated in the interview, testified to his observations of M.E. Detective Bender explained that M.E.'s behavior and manner led him to believe M.E. understood and waived his rights. He further observed that M.E. understood the reason he was there and the seriousness of the allegations.

{¶10} M.E. relies on *In re T.H.*, 10th Dist. Franklin No. 12AP-612, 2013-Ohio-609, ¶ 16-17, to argue that his statements should have been suppressed because he did not discuss waiving his rights with counsel or his mother. In that case, a 16-year-old had been placed in police custody and given a printed form waiving his rights. *Id.* at ¶ 16. The youth refused to sign the form saying he did not have anything to say. Applying the totality-of-the-circumstances test, the juvenile court found that his confession was not voluntary. *Id.* The appellate court upheld the trial court's determination, noting that while "a juvenile can give an incriminating statement without consulting a parent or

attorney, the access to a trusted adult or attorney is a factor which can be considered in assessing voluntariness." *Id.* at ¶ 17.

{¶11}    The Ohio Supreme Court has explicitly declined to adopt a test that required a parent or attorney to be present. *See In re Watson*, 47 Ohio St.3d at 89-90, 548 N.E.2d 210.  Moreover, the facts in this case are substantially different than those in *T.H.* M.E. never told the officers he did not want to talk. In fact, he willingly signed the form and testified he had understood the form when he signed it. M.E.'s interview lasted little more than an hour, and there is nothing in the record to indicate he had any mental deficiencies or did not want to speak with the officers.  He indicated in the interview and again on the stand that he understood his rights.  The magistrate specifically evaluated M.E.'s interview and found that M.E. "clearly waived his rights during the interview and voluntarily spoke with the officers." The magistrate noted that M.E. "testified at trial that he understood his rights and wanted to speak with them."

{¶12}    Based on a review of the totality of the circumstances, M.E. knowingly, intelligently, and voluntarily waived his *Miranda* rights and his statements were not coerced. Because M.E. failed to show that the motion to suppress would have been granted, his claim of ineffective assistance fails. The assignment of error is overruled.

### III. Manifest Weight

{¶13}    In his first assignment of error, M.E. maintains that his adjudication was against the manifest weight of the evidence.  In support of this assignment, M.E. points to the fact that the stolen items were not found on him at the time of his arrest. He also contends that the description initially given by Mr. Jordan did not match his appearance and that his own incriminating statements were unreliable because they were the result of police coercion.

{¶14} To reverse a conviction on the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

{¶15} M.E. was stopped by police in the vicinity of the crime within minutes and wearing the same clothes Mr. Jordan had described. Mr. Jordan positively identified M.E. as the perpetrator who had robbed him at gunpoint. M.E. admitted to police that the gun he used was a gun he had stolen two years prior. He also described giving the gun, money, and cell phone to a third person after the robbery.

{¶16} The evidence against M.E. was overwhelming. The weight to be given to this evidence and the credibility of witnesses was primarily a question for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). It is true that M.E. was younger and thinner than Mr. Jordan had described him, but this discrepancy, when considered in light of the evidence against M.E., hardly suggests the jury lost its way. Nor do we think it matters much that the stolen items were not recovered—M.E. admitted that he had given them to a third person. And finally, for the reasons we previously noted, we are not persuaded that M.E.'s own admissions should be ignored because they were the result of police coercion.

{¶17} After reviewing the record, it is not clear that the trial court lost its way and created a manifest miscarriage of justice such that M.E.'s adjudication must be reversed. M.E.'s first assignment of error is overruled.

## V. Conclusion

{¶18}   M.E.'s adjudication was not against the manifest weight of the evidence and his trial counsel was not ineffective for failing to file a motion to suppress. M.E.'s assignments of error are overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.


**HENDON, P.J.,** and **FISCHER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.