OPINION
{¶ 1} This is an appeal from the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, overruling Bradley Hill's ("appellant") objections to the magistrate's recommendation. For the reasons that follow, we affirm the trial court's decision.
{¶ 2} In the late evening of December 26, 2001, Morrow County Deputy Hinton ("Hinton") drove past a power substation and noticed a pickup truck parked behind the dumpster in the back area. The substation housed trucks, equipment and wire for the Morrow County co-op electric company. Hinton turned into the substation to investigate and was met by a pickup attempting to leave the area. Hinton stopped and talked to the driver, Eugene Hutt, who is appellant's uncle. Appellant was sitting in the passenger seat and a third person was in the bed of the truck. Another police officer arrived and while checking the premises with Hinton, discovered that the gate was open and the lock had been cut. The three individuals were arrested. The inventory of the truck included a pair of bolt cutters covered by a blue tarp. Appellant was placed in a police cruiser, just himself and the officer, and taken to the correctional facility for questioning. His guardian was not present during the questioning nor did he have an attorney present on his behalf.
{¶ 3} Appellant was charged and adjudicated a delinquent for complicity to breaking and entering and possessing criminal tools, felonies of the fifth degree if committed by an adult. These offenses occurred in Morrow County on December 26, 2001. The case was transferred from Morrow County because appellant is a resident of Franklin County.
{¶ 4} The magistrate found the following facts. Prior to questioning, appellant was given a waiver of rights form that was read to him so that he understood the nature of the waiver. Appellant signed the waiver and gave a "voluntary" statement to the officers. Appellant indicated through his statement that they stopped at the power substation to steal copper wire and that they tried to leave the station when they saw Hinton's cruiser. The magistrate found appellant to be a delinquent minor child, having committed the offenses of complicity to breaking and entering and possession of criminal tools. The magistrate overruled appellant's motion to suppress appellant's statements as involuntary. Appellant filed objections to the magistrate's decision. The trial court overruled those objections. The instant appeal followed.
{¶ 5} Appellant asserts the following three assignments of error:
1. The trial court sustained the magistrate's failure to suppress the evidence involving the statements of the juvenile.
2. The trial court sustained the magistrate [sic] failure to conduct the suppression of evidence hearing prior to the trial as required by Juvenile Rule 22.
3. The trial court sustained the magistrate's recommendation that the juvenile be founded [sic] guilty of juvenile delinquency.
{¶ 6} In the second assignment of error, appellant argues the trial court erred in sustaining the magistrate's failure to hold the suppression hearing prior to trial under Juv.R. 22(D). We address this assignment of error first. The trial court held that the magistrate's decision to hold the suppression hearing simultaneously with the adjudicatory hearing was within her discretion. We agree.
{¶ 7} Juv.R. 22 provides the following:
(D) Prehearing motions
Any defense, objection or request which is capable of determination without hearing on the allegations of the complaint may be raised before the adjudicatory hearing by motion. The following must be heard before the adjudicatory hearing, though not necessarily on a separate date:
* * *
(3) Motion to suppress evidence on the ground that it was illegally obtained;
* * *
(A) Motion time
Except for motions filed under division (D)(5) of this rule, all prehearing motions shall be filed by the earlier of:
(1) seven days prior to the hearing, or
(2) ten days after the appearance of counsel.
{¶ 8} The trial court found appellant's motion to suppress untimely under Juv.R. 22(E). Appellant's counsel was appointed on May 17, 2002. The motion to suppress was filed June 12, 2002, only one day prior to the June 13, 2002 adjudicatory hearing and 26 days after the appearance of counsel. The magistrate overlooked this fact and heard the motion despite its untimely filing. The trial court considered the merits of the objection and found no prejudicial error. We agree with the trial court that the magistrate was within her discretion to hear the motion during the relevant portions of the proceedings. There were two defense witnesses and only one witness for the state. The magistrate determined that rather than having the same witness testify twice, the state would proceed with its testimonial evidence and the magistrate, as trier of fact, would deal with the suppression of witness statements as they were called to testify. The same or similar testimony was necessary for the motion to suppress as well as adjudication. When the magistrate did consider the motion, appellant had a full opportunity to have any concerns about the confession and waiver addressed by the court. The magistrate ruled on the motion to suppress prior to adjudication. Therefore, any error arising from the failure to hold the motion hearing prior to the adjudicatory hearing did not cause prejudice to defendant, especially in light of the fact that the motion was technically not properly before the court. Accordingly, appellant's second assignment of error is overruled.
{¶ 9} In the first assignment of error, appellant maintains the trial court erred in sustaining the magistrate's denial of the motion to suppress. Appellant argues that his waiver of rights and statement to police during interrogation was involuntary. A confession is involuntary if it is the result of coercive police activity. State v. Loza (1994),71 Ohio St.3d 61, 66, overruled on other grounds, citing Colorado v. Connelly (1986), 479 U.S. 157, 107 S.Ct. 515. To determine whether a juvenile's confession is involuntary, the court should consider the totality of circumstances, including the juvenile's age, mentality, prior criminal experience, the length and intensity of the interrogation, and the existence of physical deprivation or inducement. State v. Johnson (June 27, 1996), Cuyahoga App. No. 68701; In re Watson (1989),47 Ohio St.3d 86, syllabus. When minors are involved, the court must closely scrutinize the validity of waivers of constitutional rights. Johnson, supra. However, a juvenile confession is not involuntary simply because no parent, guardian or attorney is present. State v. Stewart (1964), 176 Ohio St. 156, 159-160.
{¶ 10} Further, at a motion to suppress hearing, the trial court assumes the role of trier of fact and is in the best position to evaluate the evidence, judge the credibility of witnesses, and resolve the factual issues. State v. Mills (1992), 62 Ohio St.3d 357. The appellate standard of review of a trial court's decision on a motion to suppress is de novo. State v. Brant (Nov. 29, 2001), Franklin App. No. 01AP-342. While we are bound to accept the trial court's findings of fact if supported by competent, credible evidence, we must independently determine whether the findings of fact satisfy the appropriate legal standard. Id., quoting State v. Goins (Oct. 22, 1998), Franklin App. No. 98AP-266.
{¶ 11} In the case at bar, Hinton testified that appellant, then 15 years old, was taken to the correctional facility and questioned with several officers present. Prior to questioning, Hinton read the waiver of rights form to appellant and explained it to him. Thereafter, appellant signed the waiver form and told the officers that he and the two men went to the substation to steal copper wire. Appellant claims that he signed the form and gave a statement because the officers told him he could "go home" if he did so. However, appellant testified that he understood he had the right to remain silent and understood his right to have a lawyer present. While arguably appellant's statements raise the issue of possible false inducement (because appellant thought that since he could go home he would also not be charged), on this record the trial court could reasonably find that no such false inducement occurred.
{¶ 12} The court finds there is competent, credible evidence to support the trial court's findings of fact and holds that these facts do not establish appellant's confession or waiver was either uninformed, involuntary, or falsely induced. Appellant was 15 years old at the time. He could read, understand, and write English, he was not handcuffed or under any other physical restraint nor subject to any apparent coercion at the time of questioning. Appellant was aware that he had the right to remain silent and the right to have an attorney present. There is no evidence to suggest that appellant failed to understand his rights and the waiver of those rights. Accordingly, the trial court did not err in sustaining the magistrate's denial of appellant's motion to suppress.
{¶ 13} To the extent appellant is arguing that any statements given to the arresting officer while appellant was in the police cruiser prior to being advised of his Miranda rights tainted any statements made after signing the waiver form, this argument is without merit. See Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602. In Oregon v. Elstad (1985), 470 U.S. 298, 105 S.Ct. 1285, the United States Supreme Court held that a failure to administer Miranda warnings does not unduly taint the investigative process to render a subsequent voluntary and informed waiver ineffective. Elstad, supra. This court has held "[t]he central holding in the Elstad case is that the Self — Incrimination Clause of the Fifth Amendment does not require the suppression of a confession, made after proper Miranda warnings and a valid waiver of rights, solely because the police had obtained an earlier voluntary but unwarned admission from the suspect." State v. Finfrock, Franklin App. No. 02AP-1006, 2003-Ohio-1661.
{¶ 14} Since we have already determined that appellant's waiver was voluntary and informed, we find appellant's argument to the contrary is without merit. Further, it is questionable whether appellant gave any inculpatory or exculpatory statements while he was in the police cruiser. Appellant claims that the officer driving him asked questions about the incident at the substation. Hinton, the only officer who testified at trial, was not aware of any such statements because he was not present in appellant's cruiser. In any event, even if appellant made statements to the officer while in the cruiser, the Fifth Amendment does not require suppression, as the prosecution did not even try to introduce any such statements into evidence at the hearing. Therefore, appellant's argument is irrelevant.
{¶ 15} Accordingly, appellant's first assignment of error is overruled.
{¶ 16} In the third assignment of error, appellant maintains the trial court erred in sustaining the magistrate's recommendation that appellant be adjudicated a delinquent. Although not stated in such terms, appellant is arguing that the adjudication is against the manifest weight of the evidence. We disagree. When reviewing the sufficiency of the evidence to support a criminal conviction the appellate court examines the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Reveles, Franklin App. No. 03AP-87, 2003-Ohio-4895. This same standard applies to a challenge concerning the sufficiency of the evidence in an adjudication of juvenile delinquency. In re Mark W. (July 15, 1994), Huron App. No. H-93-58; Watson, supra (applying standard to challenges to adjudications as juvenile delinquents).
{¶ 17} Deputy Hinton saw a car behind the dumpster at the power substation. As he approached the station, the car was attempting to leave and appellant was sitting in the passenger seat. A pair of bolt cutters were found in the car and the lock on the gate to the station was cut, with the gate open. Appellant was interviewed and admitted that he and his uncle went there to steal copper wire. We find there is sufficient evidence that would convince the average mind of the defendant's guilt beyond a reasonable doubt. Therefore, the trial court did not err in adopting the magistrate's recommendation that appellant be adjudicated a juvenile delinquent. Accordingly, appellant's third assignment of error is overruled.
{¶ 18} In conclusion, the trial court did not err in finding that it was within the magistrate's discretion to hear the suppression testimony during the relevant portions of the adjudicatory hearing. Appellant was given a full opportunity to have his concerns addressed by the court. Further, the trial court did not err in sustaining the magistrate's decision not to suppress appellant's waiver of rights and statement to officers. The testimony demonstrates that appellant knew his rights and voluntarily chose to waive them. Finally, the trial court did not err in sustaining the magistrate's adjudication of juvenile delinquency. There is sufficient evidence to convince the average mind of defendant's guilt beyond a reasonable doubt.
{¶ 19} Accordingly, appellant's first, second, and third assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.