OPINION
{¶ 1} Plaintiff-Appellant State of Ohio appeals the juvenile court's decision suppressing Defendant-Appellee Willard W.J.L.'s second statement made to police following his signed waiver of his constitutional rights. Because the trial court erred in suppressing that statement, we will reverse the decision of the trial court and remand this case for further proceedings consistent with this opinion.
 {¶ 2} In January 2003, a Children's Services Bureau (CSB) worker went to South High School to interview W.J.L. regarding allegations that he had sexually abused two young relatives. She called Springfield police to arrange to have an officer present while she questioned W.J.L. in the principal's conference room. At the start of the interview, the CSB worker advised W.J.L. that he did not have to talk to her. However, W.J.L. not only elected to talk to her, but he chose to take responsibility for his actions and to admit that he had sexually abused one of his young relatives. The interview was brief, and the police officer then promptly called for a detective to more fully interview W.J.L. The detective arrived at the school and confirmed with W.J.L. that he was willing to go with the detective to the police station to talk. Once at the station W.J.L. signed a waiver of his Miranda rights and gave a videotaped confession to the detective.
 {¶ 3} W.J.L. subsequently was charged with one count of delinquency by reason of gross sexual imposition. He filed a motion to suppress the two statements that he had made to police. A juvenile court magistrate held a hearing on the motion and suppressed W.J.L.' first statement made at school, but overruled the motion as to his second statement made at the police station. W.J.L. filed an objection to the magistrate's decision, and on October 17, 2003 a juvenile court judge heard arguments on the objection. The following month, the trial court sustained the objection and ordered that both statements be suppressed. The State filed a timely notice of appeal.
 {¶ 4} The State's assignment of error:
 {¶ 5} "The trial court improperly suppressed the second of two statements made by the juvenile to law enforcement officers."
 {¶ 6} In its sole assignment of error, the State argues only that the trial court erred in suppressing W.J.L.'s second statement made to police after he signed a written waiver of hisMiranda rights. When deciding a motion to suppress evidence, an appellate court is bound to accept the trial court's factual findings if they are supported by competent and credible evidence, and the appellate court must then independently determine as a matter of law if the minimum constitutional standard has been met. State v. Williams (1993),86 Ohio App.3d 37, 41, 619 N.E.2d 1141. Because we agree the that trial court erred in suppressing the second statement, we will reverse the decision of the trial court.
 {¶ 7} "[T]he United States Supreme Court has held that a failure to administer Miranda warnings does not unduly taint the investigative process to render a subsequent voluntary and informed waiver ineffective." In re Hill, Franklin App. No. 03AP-82, 2003-Ohio-6185, ¶ 13, citing Oregon v. Elstad (1985),470 U.S. 298, 105 S.Ct. 1285. See, also, In re Taylor (March 25, 1995), Lorain App. No. 93CA005650, citing Elstad, supra. The relevant inquiry, then, is whether the second statement was voluntarily made. State v. Farris, Wayne App. No. 03CA0022, 2003-Ohio-826, citing Elstad, supra, at 317-318.
 {¶ 8} The trial court found that W.J.L.'s second statement was involuntary because it was made such a short time after he first confessed. However, while a break in time between statements is relevant to the inquiry, a break in time is not necessary. See, e.g., Farris, supra, citing Elstad, supra, at 317-18. Instead, when "deciding whether a juvenile's confession is involuntarily induced, the court should consider the totality of the circumstances, including the age, mentality, and prior criminal experience of the accused; the length, intensity, and frequency of interrogation; and the existence of physical deprivation or inducement." In re Watson (1989),47 Ohio St.3d 86, 548 N.E.2d 210, paragraph one of the syllabus, State v.Edwards (1976), 49 Ohio St.2d 31, 358 N.E.2d 1051, approved and followed.
 {¶ 9} This case is distinguishable from the U.S. Supreme Court's recent decision in Missouri v. Seibert (2004), 542 U.S., S.Ct. . Therein the court upheld the suppression of a confession resulting from a calculated strategy of a two-part interrogation punctuated by a Miranda warning. The same officer intentionally questioned the defendant without providingMiranda warnings, knowing that any confession would not be admissible. After the confession was obtained, he then gaveMiranda warnings and got a second confession. The entire interrogation took place at the police station and was nearly continuous in time. Such was not the case here.
 {¶ 10} W.J.L. was interviewed in a school conference room. He was questioned primarily by a Children's Services Bureau worker, in the presence of a police officer. Significantly, the CSB worker advised W.J.L. from the outset that he did not have to talk to her. Almost from the start of the interview, W.J.L. confessed to the sexual abuse. After a short interview at the school, the police officer called a detective, who confirmed with W.J.L. that he was willing to speak to the detective at the police station.
 {¶ 11} At least fifteen minutes later W.J.L. arrived at the station and was taken to an interview room. Once there the detective provided him with a snack and a drink and then read W.J.L. his rights, which he promptly waived. There was no evidence of physical violence, deprivation, or inducement. Nor was the interview process onerous; both of W.J.L.'s statements were given in less than two hours. Additionally, W.J.L. was nearly 17 years old and had no prior criminal history. He appeared to have no mental impairment. Simply put, under the totality of the circumstances, there was no reason to believe that Lyon's second statement was not voluntarily made. Accordingly, the trial court erred in suppressing W.J.L.'s statement given after he waived his Miranda rights.
 {¶ 12} It is unclear why the State has failed to also assign error regarding the suppression of the first confession made at the school. Nevertheless, the trial court may also have erred in suppressing W.J.L.'s first confession because the court failed to address cases from three other Ohio districts, all of which agree that questioning of a juvenile is not custodial merely because it occurs in a school and in the presence of a police officer. Inre Haubeil, Ross App. No. 01CA2631, 2002-Ohio-4095, ¶ 16, citingIn re Bucy (Nov. 6, 1996), Wayne App. No. 96CA0019; In reJohnson (June 20, 1996), Morgan App. No. CA-95-13. Because the trial court erred in suppressing W.J.L.'s statement made to police after he waived his constitutional rights, we will reverse the decision of the trial court and remand this case for further proceedings consistent with this opinion.
Fain, P.J. and Wolff, J., concur.