DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas, Juvenile Division, that adjudicated appellant a delinquent child by reason of complicity to commit assault in violation of R.C. 2929.03(A)(1). For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant Steven C. sets forth the following assignment of error:
 {¶ 3} "I. The trial court erred in finding appellant a delinquent child as said decision was against the manifest weight of the evidence and the decision was not supported by sufficient evidence."
 {¶ 4} The undisputed facts that are relevant to the issues raised on appeal are as follows. On February 13, 2003, a complaint was filed alleging that on the previous day appellant had knowingly solicited a classmate at Adams Junior High School in Sandusky to commit assault by providing her with objects and telling her to throw them at their teacher. The matter came on for adjudicatory hearing on March 25, 2003, and the magistrate heard the testimony of Fred Kurtz, the teacher who was assaulted; Victoria J., who admitted throwing pencils at her teacher, and appellant. By decision filed April 14, 2003, the magistrate recommended that appellant be adjudicated a delinquent child by reason of complicity to commit assault. Appellant filed objections to the finding of delinquency, and on September 3, 2003, the trial court approved the magistrate's decision and ordered that it be adopted. Disposition was held on September 29, 2003, at which time the trial court ordered that appellant attend a "Thinking Errors" program and write a letter of apology to the victim.
 {¶ 5} Appellant asserts in his sole assignment of error that the state did not prove each element of the offense of complicity to assault and that the finding of delinquency was against the weight of the evidence because Victoria's testimony was not credible.
 {¶ 6} Initially, we note that, when determining whether a trial court's delinquency adjudication is against the manifest weight of the evidence, this court employs the same standard of review applicable to criminal convictions claimed to be against the manifest weight of the evidence. See In re Watson (1989),47 Ohio St.3d 86, 91; In the Matter of M. Clark, 4th District No. 04CA588, 2004-Ohio-3851, ¶ 15; In re Beard, 4th Dist. No. 02CA2647, 2002-Ohio-3996. When considering a claim that the trial court's judgment is against the manifest weight of the evidence, "the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony."State v. Thompkins (1997), 78 Ohio St.3d 380, 387,1997-Ohio-52, citing Tibbs v. Florida (1982), 457 U.S. 31, 42. The reviewing court must dutifully examine the entire record, weighing the evidence and considering the credibility of witnesses, while being mindful that credibility generally is an issue for the trier of fact to resolve. State v. Thomas (1982),70 Ohio St.2d 79, 80; State v. DeHaas (1967),10 Ohio St.2d 230, paragraph one of the syllabus. Once the reviewing court has finished its examination, the court may reverse the judgment of conviction if it appears that the fact-finder, in resolving conflicts in evidence, "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Thompkins, supra, at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. If, however, the prosecution presented substantial evidence upon which the trier of fact reasonably could conclude, beyond a reasonable doubt, that the essential elements of the offense had been established, a reviewing court will not reverse the judgment of conviction as against the manifest weight of the evidence.State v. Eley (1978), 56 Ohio St.2d 169, syllabus.
 {¶ 7} We will first consider appellant's argument that the finding of delinquency was against the weight of the evidence. Only if we conclude that the trier of fact clearly lost its way in resolving conflicts in evidence and created a manifest miscarriage of justice will we reverse the conviction and order a new trial. Thompkins, supra, at 387.
 {¶ 8} R.C. 2903.13, Assault, provides in relevant part as follows:
 {¶ 9} "(A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn."
 {¶ 10} R.C. 2901.22(B) states that "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. * * *"
 {¶ 11} As set forth in R.C. 2901(A)(3), "`[p]hysical harm to persons' means any injury, illness or other physiological impairment, regardless of its gravity or duration."
 {¶ 12} Appellant concedes for purposes of his appeal that Kurtz was assaulted as defined by the Ohio Revised Code, but denies that he had any part in the assault.
 {¶ 13} Since appellant was found delinquent for complicity to commit assault, we must also look at R.C. 2923.03, Complicity, which provides in relevant part:
 {¶ 14} "(A) No person, acting with the kind of culpability required for the commission of an offense shall do any of the following:
 {¶ 15} "(1) Solicit or procure another to commit the offense;
 {¶ 16} "(2) Aid or abet another in committing the offense."
 {¶ 17} Appellant argues that Victoria's testimony was not credible because she was an accomplice and because she admitted that she was offered a lesser misdemeanor charge in exchange for agreeing to give testimony incriminating to appellant. In addition, appellant characterizes Victoria's testimony as conflicting because she initially testified that she did not know why she threw the pencil pieces at her teacher but later said appellant encouraged her to do it. As noted above, appellant conceded that Kurtz was assaulted so the question remaining is whether the evidence supported a finding that appellant knowingly told Victoria to throw the items at their teacher.
 {¶ 18} It is primarily for the factfinder to determine the credibility of the witnesses and the weight to be given to their testimony, because the factfinder has the opportunity to see and hear the witnesses and observe their demeanor. State v. DeHaas,
supra, at 231. Victoria testified that she threw pieces of pencil at Kurtz and initially stated that she did not know what made her do that. However, when asked whether anyone encouraged her to do it, she testified that appellant told her to do it. She further testified that one of the pencils was hers and that appellant gave her the other. Victoria also stated that appellant encouraged her by giving her the pencils, telling her to throw them at their teacher, and saying he would take the blame for it. Victoria admitted that she was offered a reduction in the charge against her in exchange for her cooperation.
 {¶ 19} Appellant testified that he did not encourage Victoria to throw the pencils at their teacher. He stated that Victoria asked him for a pencil and he gave her one, thinking that she would use it for her class work.
 {¶ 20} It is clear that the trial court found Victoria's testimony to be more credible than it found appellant's testimony to be. Upon thorough review of the transcript of the adjudicatory hearing, we are unable to find that the trial court lost its way or created a manifest miscarriage of justice by finding appellant delinquent for complicity to assault. Therefore, this argument is without merit.
 {¶ 21} Appellant also argues that the evidence was insufficient to support a finding of complicity to assault. "Sufficiency" applies to a question of law as to whether the evidence is legally adequate to support a verdict as to all elements of an offense. Thompkins, supra, at 386. Upon review of the sufficiency of the evidence to support a criminal conviction, an appellate court must examine "the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 22} The testimony in this case was not extensive. In addition to hearing Kurtz's testimony that he was hit by the objects but did not see who threw them, the magistrate heard Victoria testify that appellant gave her one of the pencils and told her to throw it at the teacher, and appellant testify that he did not do that. Upon consideration of the testimony in this case in a light most favorable to the prosecution, we find that the evidence, if believed, would convince the average mind of appellant's guilt beyond a reasonable doubt. We therefore find appellant's argument that the evidence was insufficient to support a finding of complicity to assault to be without merit.
 {¶ 23} Based on the foregoing, we find appellant's sole assignment of error not well-taken.
 {¶ 24} On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Erie County Court of Common Pleas, Juvenile Division, is affirmed. Pursuant to App.R. 24, costs of this appeal are assessed to appellant.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J., Lanzinger, J., Concur.