DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the Lucas County Common Pleas Court, Juvenile Division, which adjudicated appellant, Torrence T., a delinquent child. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On January 13, 2005, a complaint was filed in juvenile court charging appellant with delinquency for committing the offense of sexual battery, a violation of 2907.03(A) (2). A trial commenced on March 9, 2005. Fourteen year-old Brianna testified that on December 5, 2004, at approximately 6:00 p.m., she and her friend Ashley were walking to their friend Sharonda's home when they ran into appellant. Appellant, who is Sharonda's cousin, offered to show them the way to Sharonda's home. Once there, appellant, then 17 years old, stayed with the girls for approximately 20 minutes before he left. Later in the evening, Brianna, Ashley, Sharonda and two little girls who were staying at the home went upstairs to listen to music. Around 1:30 a.m., the girls prepared for bed. In the same room, Brianna and one of the little girls went to sleep in a twin bed while Ashley, Sharonda and the other little girl fell asleep in a double bed. The beds were approximately four feet apart. Brianna testified that she fell asleep and then woke up because she felt pain in her crotch area. When she opened her eyes she saw appellant on top of her. Brianna testified that she pushed appellant off of her. She watched as he walked out of the room pulling his pants up. Brianna found her jeans around her ankles and her underwear around her thighs.
 {¶ 3} Brianna told Sharonda's mother what happened. Sharonda's mother offered to take Brianna to the hospital and Brianna agreed. Registered nurse Rebecca Ann Eli testified that she was on duty the night Brianna came to the hospital. She testified that she is specially trained as a sexual assault nurse examiner. After examining Brianna, Nurse Eli concluded that Brianna's injuries were consistent with her report of unwanted sexual contact.
 {¶ 4} On May 6, 2005, the trial court found that the state had proven the elements of sexual battery and adjudicated appellant a delinquent child. He was committed to the custody of the Ohio Department of Youth Services for a minimum period of six months to age 21. The court further determined that it had a duty to classify him as a juvenile sex offender registrant, pursuant to R.C. 2152.83(A)(1). Appellant now appeals setting forth the following assignments of error:
 {¶ 5} "I. The trial court violated Torrence's right to due process under the Fifth and Fourteenth Amendments to the United States Constitution, and Article 1, Section 16 of the Ohio Constitution and Juvenile rule 29(e)(4) when it adjudicated him delinquent of sexual battery absent proof of every element of the charge against him by sufficient, competent, and credible evidence."
 {¶ 6} "II. The trial court violated Torrence right to due process under the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Section 16 of the Ohio Constitution when it adjudicated him delinquent of sexual battery when that finding was against the manifest weight of the evidence."
 {¶ 7} "III. Torrence was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution."
 {¶ 8} "IV. The trial court violated Torrence T's rights under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 1 of the Ohio Constitution when it ordered him into the sex offender treatment program which mandates that he make incriminating statements against himself."
 {¶ 9} In his first assignment of error, appellant contends that the trial court's finding of delinquency as to the offense of sexual battery was based on insufficient evidence.
 {¶ 10} On review of a delinquency adjudication for sufficient evidence, an appellate court will not disturb a trial court's resolution of the weight and credibility of the evidence. In reFortney, 162 Ohio App.3d 170, 2005-Ohio-3618, at ¶ 30, citing toState v. Martin (1983), 20 Ohio App.3d 172, 175. "Whether the evidence is legally sufficient to sustain a verdict is a question of law." State v. Thompkins (1997), 78 Ohio St.3d 380, 386. When reviewing the sufficiency of the evidence, our review is limited to determining if evidence was presented, which if believed, could satisfy the average person of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph 2 of the syllabus. "In conducting this evaluation, we must view the evidence in the light most favorable to the prosecution, and ask whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id.
 {¶ 11} The elements of sexual battery, a violation of R.C.2907.03(A)(2) and a felony of the third degree if committed by an adult, are as follows:
 {¶ 12} "(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:
 {¶ 13} "* * *
 {¶ 14} "(2) The offender knows that the other person's ability to appraise the nature of or control the other person's own conduct is substantially impaired."
 {¶ 15} Appellant contends that the evidence presented at the hearing was insufficient to show that he knew Brianna was asleep and unaware that he was on top of her.
 {¶ 16} The evidence shows that appellant returned to the house and entered the bedroom sometime after 1:00 a.m. All of the girls were in bed. Brianna testified she was in a very deep sleep. Ashley testified that she fell asleep around 1:30 a.m. and then woke up to see appellant in the room. Ashley further testified that she looked at Brianna and saw that she was asleep. Ashley tried to go back to sleep but was disturbed when the child she was sleeping with began to cry. Ashley then saw appellant on top of Brianna. Ashley testified that at that moment, Brianna was still asleep. Sharonda called out to Brianna and Brianna awoke, confused and tired. Appellant, then, left the room. This testimony, if believed, was clearly sufficient to prove that Brianna was asleep at the time appellant was on top of her and that it would have been obvious to appellant, face to face with Brianna, that her ability to appraise the nature of the situation was compromised. Appellant's first assignment of error is found not well-taken.
 {¶ 17} In his second assignment of error, appellant contends his adjudication of delinquency for sexual battery was against the manifest weight of the evidence.
 {¶ 18} We must review a trial court's delinquency adjudication under the same standard of review applicable to adult criminal convictions similarly alleged to be against the manifest weight of the evidence. In the matter of: Steven C.,
6th Dist. No. E-03-052, 2004-Ohio-6313, at ¶ 6. The reviewing court must examine the entire record, weigh the evidence, consider witness credibility, and be mindful that witness credibility is an issue for the trier-of-fact to resolve. Statev. Thomas (1982), 70 Ohio St.2d 79, 80. The trial court is reversed only if it appears it "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins
(1997), 78 Ohio St.3d at 387, quoting State v. Martin, supra.
 {¶ 19} Appellant once again argues that there is no evidence that he knew Brianna was asleep at the time of their encounter. Appellant also contends that the fact that Brianna threw away her underwear before she went to the hospital cast doubt on her credibility.
 {¶ 20} Having already addressed the issue of whether or not appellant knew Brianna was asleep in appellant's first assignment of error, we turn to the issue of credibility. Brianna testified that before she went to the hospital, she threw away her underwear because "[she] didn't want to look at them or think about what happened when [she] had them on." Rather, than hurt her credibility, this testimony is consistent with Nurse Eli's testimony regarding Brianna's demeanor soon after the incident. Nurse Eli described Brianna as "tearful" and "fearful."
 {¶ 21} Once again, Brianna testified that she awoke to a sharp pain in her crotch area and appellant on top of her. Ashley testified she saw appellant "moving up and down" on a sleeping Brianna "like they were having sex." Nurse Eli testified that Brianna's injuries were consistent with her account of unwanted sexual contact. Appellant testified that he and Brianna had consensual sex on the night in question. Obviously, the trier of fact chose not to believe appellant's testimony. Finding no evidence that the trier of fact lost its way and or created a manifest miscarriage of justice, appellant's second assignment of error is found not well taken.
 {¶ 22} In his third assignment of error, appellant contends he was denied effective assistance of counsel. To establish an ineffective assistance of counsel claim, appellant must show that counsel's performance fell below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. State v. Bradley (1989),42 Ohio St.3d 136, paragraph two of the syllabus (Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 followed.) "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Bradley,
supra, at paragraph three of the syllabus. Ohio law presumes a licensed attorney is competent. Vaughn v. Maxwell (1965),2 Ohio St.2d 299, 301. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *." Bradley, supra, at 142, quotingStrickland, supra, at 689.
 {¶ 23} Appellant contends his counsel was ineffective in failing to file proper objections to the magistrate's decision. Specifically, appellant contends that appellant's objections based on the theory of manifest weight were inadequate in that counsel failed to state her objections with particularity and failed to support her arguments with citations to the transcript. We fail to see how appellant was prejudiced given the fact that we have already determined that appellant's adjudication is supported by the weight of the evidence. Appellant's third assignment of error is found not well-taken.
 {¶ 24} In his fourth and final assignment of error, appellant contends that his Fifth Amendment right against self-incrimination was violated by the court when he was ordered to attend a sex offender treatment program. Appellant argues that because the program requires him to make incriminating statements against himself, he unwillingly subjects himself to perjury charges and civil suits.
 {¶ 25} Appellee correctly points out that there is no evidence in the record supporting appellant's allegations. The record merely shows that appellant was ordered into a sex offender program. The record contains no information on this program. This court cannot discern, from the record before us, what exactly is required of appellant while in treatment. Absent evidence that his constitutional rights are being violated, in particular his Fifth Amendment right not to incriminate himself, this court must find appellant's fourth assignment of error not well-taken.
 {¶ 26} The judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Singer, P.J. Glasser, J. concur.