DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Bobby D., appeals from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, finding appellant a delinquent child by committing an act which, if committed by an adult, would constitute aggravated robbery in violation of R.C. 2901.11. For the reasons that follow, we affirm.
 {¶ 2} Appellant asserts the following assignments of error: *Page 2 
 {¶ 3} "I. The trial court erred by finding appellant delinquent, against the manifest weight of the evidence."
 {¶ 4} "II. The trial court acted arbitrarily and capriciously by allowing hearsay evidence to be admitted over appellant [sic] counsel's numerous objections and by wrongfully considering such hearsay evidence."
 {¶ 5} On December 26, 2006, a complaint was filed in the juvenile court charging appellant with delinquency for committing the offense of aggravated robbery. A trial commenced on January 29, 2007. Tamer Abdouni testified that he owns the McCord Carry-Out located in Toledo, Ohio. On the evening of December 21, 2006, he was working behind his counter when someone came in wearing a bandanna over their face and carrying a gun. Abdouni testified that he immediately pushed his emergency button which alerts his alarm company to a possible robbery in his store. He then ran to a back room in his store and closed the door. He could hear what he thought was more than one person attempting to open his cash register. When he decided to come out of his back room, he collided with a second person who was wearing a bandanna and was attempting to run out of the store. The second person escaped out of the front door and Abdouni chased him and eventually caught him as he watched the first person run away. Abdouni brought the second person, later identified as 14 year-old Corey G., back to his store and called the police. Abdouni was unable to identify appellant as the initial, armed perpetrator. *Page 3 
 {¶ 6} Corey G. testified that he was with his friend, appellant, on the evening of December 21, 2006. The two were passengers in a car that was being driven by appellant's brother. Corey testified that at one point, appellant's brother stopped the car a couple of streets down from the carry-out. Appellant told him to get out of the car. Appellant showed him a gun and told him that they were going to the store. Corey testified that appellant threatened to "beat [him] up" if he didn't accompany him. Both boys covered their faces with bandannas. Appellant went into the store first and told Abdouni to "give [him] the money." Abdouni ran into the back room. Corey testified that he stood next to appellant as appellant was hitting the cash register in an attempt to get it open. When he couldn't get it open, appellant ran out of the store. As Corey was attempting to follow him, he fell in the store. He then got up and ran outside where he was tackled by Abdouni. Corey watched as appellant ran toward the direction of the car. When the police arrived, Corey told them he was with appellant and he told them where appellant lived.
 {¶ 7} Lieutenant Robert Leist of the Lucas County Sheriffs Department testified that he investigated the robbery at the McCord Carry-Out in December, 2006. After interviewing Corey, he went to appellant's house. Appellant was not home so his mother called his cell phone and told him to come home. When appellant arrived, Lieutenant Leist noticed appellant was wearing white shoes with black shoe strings. Leist had previously been given a physical description of a suspect wearing white tennis shoes with *Page 4 
black shoe strings. Appellant denied involvement with the robbery and claimed he was with various people that night.
 {¶ 8} On February 8, 2007, the trial court found that the state had proven the elements of aggravated robbery and adjudicated appellant a delinquent child. He was committed to the custody of the Ohio Department of Youth Services for a minimum period of one year to age 21.
 {¶ 9} In his first assignment of error, appellant contends that his adjudication for aggravated robbery is against the manifest weight of the evidence.
 {¶ 10} We must review a trial court's delinquency adjudication under the same standard of review applicable to adult criminal convictions similarly alleged to be against the manifest weight of the evidence.In the matter of: Steven C, 6th Dist. No. E-03-052, 2004-Ohio-6313, ¶ 6. The reviewing court must examine the entire record, weigh the evidence, consider witness credibility, and be mindful that witness credibility is an issue for the trier-of-fact to resolve. State v.Thomas (1982), 70 Ohio St.2d 79, 80. The trial court is reversed only if it appears it "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered ." State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
 {¶ 11} In this assignment of error, appellant challenges the credibility of Corey G., appellant's accomplice and the only witness to place appellant at the scene of the crime. The trier of the facts in this case chose to believe Corey G. This matter of credibility is within the province of the trier of facts, not for this court upon appeal. On review, we *Page 5 
cannot say that the court clearly lost its way or perpetrated a manifest miscarriage of justice. Appellant's first assignment of error is found not well-taken.
 {¶ 12} In his second assignment of error, appellant contends that the court erred in allowing inadmissible hearsay testimony. Specifically, Lieutenant Leist testified that he interviewed certain alibi witnesses of appellant who told him that appellant's mother had called them and told them to lie for appellant.
 {¶ 13} The admission or exclusion of evidence rests in the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173,180. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. Evid.R. 801(C); State v. Maurer (1984),15 Ohio St.3d 239, 262. Hearsay is generally not admissible except when considered an exception. See Evid.R. 803, 804, 805. Where statements are offered into evidence to explain an officer's conduct during the course of investigating a crime, such statements are generally not hearsay.State v. Thomas (1980), 61 Ohio St.2d 223, 232. There are limits, however, to this general rule because of the significant potential for abuse and potential confusion to the trier of fact. See State v.Blevins (1987), 36 Ohio App.3d 147, 149. For example, when the statements connect the accused with the crime charged, they should generally be excluded. See State v. Culley (Aug. 31, 1989), 10 Dist. No. 89AP-153, citing to Blevins, supra.
 {¶ 14} Here, Lieutenant Leist testified that he interviewed appellant's alibi witnesses in the course of investigating appellant's involvement with the crime. The alibi witnesses' responses were relevant to Lieutenant Leist's conduct during the investigation. *Page 6 
Said statements were not offered to prove that appellant's mother had told the witnesses to lie. Even without these statements, a witness identified appellant as the person who, armed with a gun, demanded money from Abdouni. Appellant suffered no prejudice and his second assignment of error is found not well-taken.
 {¶ 15} On consideration whereof, the court finds that substantial justice has been done the party complaining, and that the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
 Handwork, J., Singer, J., and Skow, J., concur. *Page 1