DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, which found appellant James N. to be a delinquent child for committing an act which, if committed by an adult, would constitute second degree felony robbery in violation of R.C. 2911.02(A)(2). Appellant now challenges that judgment through the following assignment of error:
 {¶ 2} "The trial court violated James N[.]'s right to due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, section
sixteen of the Ohio Constitution when it adjudicated him delinquent of second-degree felony robbery because that finding was against the manifest weight of the evidence."
 {¶ 3} On February 12, 2007, a complaint was filed in the lower court charging appellant with delinquency in connection with a robbery that had taken place on February 10, 2007. The matter proceeded to trial on March 8, 2007, at which the following evidence was submitted.
 {¶ 4} The victim of the robbery, 83 year old Herbert Jones, testified that at approximately 4:00 p.m., on February 10, 2007, he went to a local carryout, Flav's Variety Store, to make some purchases. He stated that there were a number of people inside the store, including two ladies and some boys between the ages of 17 and 20 years old. After he left the store, Jones began to walk home. He testified, however, that after he got approximately one block from the carryout he was struck twice in the back of the head, causing him to fall to the ground. As he tried to get up, he was struck in the face and the assailants took his wallet, which contained $13, from his back pocket. Jones stated that he believed he was attacked by two or three individuals and that one of them wore a dark blue jacket. He could not identify his attackers, but he believed he had seen one of the boys in the carryout wearing a dark blue jacket. Jones sustained injuries to his head and a tooth as a result of the assault and robbery.
 {¶ 5} Next, Kenneth E., a local youth, testified as to the events of February 10. That afternoon, Kenneth was with his brother Devon E. and friends Michael T. and Ovie S. when the group decided to go to Flav's Variety Store for something to eat. As they *Page 3 
were walking to the store they ran into appellant who joined them. Kenneth testified that the group went into the store but that his brother Devon then left and waited for them outside. After the youths exited the store they saw an older man exit the store. Kenneth testified that at that point, appellant asked the others if they wanted to get some money by "hitting the lick" and informed them that the old man had money. Kenneth stated that "hitting the lick" means to rob someone. Kenneth, Devon and Ovie declined, but Michael expressed interest. Kenneth, Devon and Ovie then walked away from the carryout. Appellant and Michael walked in the opposite direction behind the man who had exited the carryout. Shortly thereafter, they heard someone yelling for help but they kept walking. When they arrived at Michael's house, appellant and Michael were there and out of breath but did not explain why. Appellant then left to go home.
 {¶ 6} Next, Ovie S. testified at the trial below. Although there were slight discrepancies between his testimony and that of Kenneth, Ovie also stated that appellant asked the group if they wanted to make some money by "hitting a lick" on the older man who had exited the carryout and that Michael was the only one to agree. Ovie further testified that he, Kenneth and Devon walked away in one direction and that appellant and Michael followed the man who had exited the store. In court, Ovie identified Herbert Jones as the man that appellant and Michael followed from the store. Ovie also testified that as he, Kenneth and Devon were walking through a field they heard an old man yell for help and that he was being robbed. Finally, Ovie stated that when he and the others *Page 4 
got to Michael's house, they saw appellant and Michael running toward the house and out of breath.
 {¶ 7} Devon E. also testified as to the events of February 10. Devon stated that although he first went into the carryout, he then exited and waited outside for the other boys. He then saw Herbert Jones exit the store. As the boys exited the store, he heard James say "lets hit a lick up on him because I know he get them checks." James also told the boys that he was not going to do it if one of the other boys did not go along with him. Devon testified that he then started to walk away down Fitchland, with Kenneth and Ovie following shortly thereafter. Then he heard a man screaming for help. He, Kenneth and Ovie kept walking. Devon stated that after a quick stop at his cousin's house, he continued on to Michael's house. When he arrived there, Michael and James were there and were out of breath.
 {¶ 8} At the trial below, appellant testified in his own defense. Appellant denied having been involved in the robbery or the incidents as described by Kenneth, Ovie and Devon. Appellant admitted that he passed by the carryout during the afternoon of February 10, 2007, but denied that he had any contact with the witnesses or Michael. Appellant testified that he believed the witnesses testified against him because they dislike him.
 {¶ 9} At the conclusion of the trial, the court found appellant delinquent for committing the offense of robbery, a second degree felony, and ordered him committed *Page 5 
to the legal custody of the Department of Youth Services for a minimum period of one year to the age of 21.
 {¶ 10} Appellant now challenges the lower court's judgment on the ground that it was against the manifest weight of the evidence. We must review a trial court's delinquency adjudication under the same standard of review applicable to adult criminal convictions similarly alleged to be against the manifest weight of the evidence. In the matter of: StevenC, 6th Dist. No. E-03-052, 2004-Ohio-6313, ¶ 6. Under this standard, the appellate court sits as a "thirteenth juror" and may disagree with the fact finder's resolution of the conflicting testimony. State v.Thompkins (1997), 78 Ohio St.3d 380, 387. The appellate court "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'" Id. quoting State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 11} Appellant contends that because there were discrepancies in the testimony of the three key witnesses against him, they were not credible. A review of the transcript reveals that although the three witnesses may have remembered small details of the afternoon of February 10, 2007, differently, they were consistent in their recollection of the key facts that connected appellant to the robbery of Herbert Jones. Indeed, the trial *Page 6 
court magistrate expressly found the three witnesses to be very credible and noted that they likely put themselves at risk by coming to court to testify against appellant and Michael.
 {¶ 12} Appellant was found delinquent for violating R.C. 2911.02, the robbery statute. That statute reads in relevant part:
 {¶ 13} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 14} "* * *
 {¶ 15} "(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another[.]"
 {¶ 16} Upon review of the evidence presented at the adjudication hearing, we cannot say that the trial court's finding of delinquency on the robbery charge was against the manifest weight of the evidence. The sole assignment of error is not well-taken.
 {¶ 17} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 1